UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C24-0716 |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| SYLVIA HOWARD, et al., | |
| Defendants. | |

This matter comes before the Court for review under 28 U.S.C. § 1915(e)(2)(B). The Court finds additional information is needed from Plaintiff before determining whether summons should be issued.

Plaintiff filed 18 cases in this district between May and August 2024. On November 14, 2024, Judge Ricardo S. Martinez of the Western District of Washington entered a Vexatious Litigant Bar Order under 28 U.S.C. § 1651(a). *Zayas v. McCoy*, No. C24-1132-RSM, Dkt. No. 7 (W.D. Wash. Nov. 14, 2024) ("Bar Order"). The Bar Order summarizes twelve of Plaintiff's cases, highlighting that, while the cases are brought against different groups of defendants, each case alleges the same civil rights violations arising from the removal of Plaintiff's child from her care based on Plaintiff's eye-color and race. *Id.* at 2–9. The Bar Order then orders various prefiling requirements for any future cases brought by Plaintiff. *Id.* at 9–10. As this case was filed before

ORDER TO SHOW CAUSE - 1

the Bar Order, it is not subject to the procedure provided therein, but the Bar Order underscores the appropriateness of an order to show cause before issuing summons.

Here, Plaintiff's operative complaint alleges violations of 42 U.S.C. §§ 1983, 1985, and 1986 against Defendant Sylvia Howard, a supervisor with the Department of Children Youth and Families ("DCYF"), and Defendant Christian McMullin, Plaintiff's neighbor and the assigned placement for Plaintiff's child through DCYF. Dkt. No. 7 at 1. Plaintiff claims her First and Fourteenth Amendment rights were violated by Defendants when they removed Plaintiff's child from her care and placed the child in Defendant McMullin's home which is "less than 50 feet away." *Id.* at 3–4. Plaintiff also alleges Defendant Howard and DCYF have discriminated against her due to her eye-color and skin-color and that they are wrongfully extorting her and violating her First Amendment rights by removing her child and then forcing her to sign "the order." *Id.* at 5. Magistrate Judge S. Kate Vaughan granted Plaintiff's motion for leave to proceed *In Forma Pauperis* ("IFP") but recommended review by this Court under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 6.

From the face of the complaint, it is not clear this Court is the proper avenue in which Plaintiff should seek relief. Plaintiff references an "order" and states in her complaint that "Defendant McMullin was at my court hearing and was laughing at me…" (Dkt. No. 7 at 6) and "[m]y daughter's already been in a foster home for 2.5 years[,] I already went through a termination trial" (*id.* at 9). These allegations indicate Plaintiff and Defendants have participated in state child removal proceedings, but the status and substance of these court cases are not clear. As Plaintiff has been advised by other judges in this district (*see, e.g.*, *Zayas v. McCoy*, Case No. 2:24-cv-00621-LK, Dkt. No. 9 at 6–7 n.4 (W.D. Wash. June 7, 2024)), this Court will generally abstain from interfering in ongoing state custody and removal proceedings. *See Moore v. Sims*, 442 U.S. 415 (1979) (holding that *Younger* abstention can be applied to challenges to state custody and

ORDER TO SHOW CAUSE - 2

removal proceedings); *H.C. v. Koppel*, 203 F.3d 610, 612–14 (9th Cir. 2000) (abstaining under *Younger* where parents sought "wholesale federal intervention into an ongoing state domestic dispute" involving child custody).  Further, federal courts assume that state courts provide an adequate forum in which to pursue constitutional claims arising from custody disputes.  *See, e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").  Accordingly, this Court may not make determinations regarding alleged constitutional violations where such determinations would interfere in the ongoing dependency matter.  *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1048 (9th Cir. 2019) (*Younger* abstention was appropriate on certain of plaintiffs' constitutional claims because relief on those claims "require[d] the district court to determine first whether violations of their civil rights have occurred in the course of the state enforcement proceeding, which would create a federal court judgment with preclusive effect over the ongoing state action").

To determine whether the Court should abstain and dismiss this matter, Plaintiff must file a response to this order by January 30, 2025 and list any state proceedings involving Plaintiff and either Defendant or DCYF and the child referred to as AC in the amended complaint.  Plaintiff must provide the case number, court name, and brief summary of the current status of the matter.  If Plaintiff does not timely respond with the relevant information, the Court will dismiss the case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 16th day of January, 2025.

Kymberly K. Evanson
United States District Judge